MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
AGUSTIN CAMANO ANZUREZ,
*individually and on behalf of others similarly*
*situated,*

**COMPLAINT**

                                                  *Plaintiff*,

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

              -against-

LA UNICA CARIDAD INC.  (D/B/A LA
CARIDAD 78 RESTAURANT), MIGUEL
YIP, and GARY DOE, SAM LEE

                                        *Defendants.*
-------------------------------------------------------X

Plaintiff Agustin Camano Anzurez ("Plaintiff Camano" or "Mr. Camano"), individually

and on behalf of others similarly situated, by and through his attorneys, Michael Faillace &

Associates, P.C., upon his knowledge and belief, and as against La Unica Caridad Inc. (d/b/a La

Caridad 78 Restaurant), ("Defendant Corporation"), Miguel Yip, Gary Doe, and Sam Lee

("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.      Plaintiff Camano is a former employee of Defendants La Unica Caridad Inc. (d/b/a

La Caridad 78 Restaurant), Miguel Yip, Gary Doe and Sam Lee.

2.      Defendants own, operate, or control a Cuban-Chinese restaurant, located at 2199

Broadway New York, New York 10024 under the name "La Caridad 78 Restaurant".

3.      Upon information and belief, individual Defendants Miguel Yip, Gary Doe, and Sam Lee serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Camano was employed as a food preparer and delivery worker at the restaurant located at 2199 Broadway New York, New York 10024.

5.      Plaintiff Camano was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to food preparing, sweeping and mopping, dishwashing, taking out the garbage, twisting and tying up cardboard boxes, carrying  down and stocking deliveries in the basement, bringing up sodas from the basement and refilling the refrigerator (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiff Camano worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Camano appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Camano the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Defendants employed and accounted for Plaintiff Camano as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

10.     Regardless, at all relevant times, Defendants paid Plaintiff Camano at a rate that was lower than the required tip-credit rate.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Camano's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Camano's actual duties in payroll records by designating him as a delivery worker instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Camano at the minimum wage rate and enabled them to pay him at the tip-credit rate (which they still failed to do).

13.     Defendants' conduct extended beyond Plaintiff Camano to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Camano and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiff Camano now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.     Plaintiff Camano seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question)

and the FLSA, and supplemental jurisdiction over Plaintiff Camano's state law claims under 28

U.S.C. § 1367(a).

18.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a

substantial portion of, the events or omissions giving rise to the claims occurred in this district,

Defendants maintain their corporate headquarters and offices within this district, and Defendants

operate a cuban-chinese restaurant located in this district. Further, Plaintiff Camano was employed

by Defendants in this district.

## PARTIES

### *Plaintiff*

19.     Plaintiff Agustin Camano Anzurez ("Plaintiff Camano" or "Mr. Camano") is an

adult individual residing in Bronx County, New York.

20.     Plaintiff Camano was employed by Defendants at La Caridad Restaurant from

approximately 2000 until on or about February 5, 2020.

21.     Plaintiff Camano consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b),

and brings these claims based upon the allegations herein as a representative party of a prospective

class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

22.     At all relevant times, Defendants owned, operated, or controlled a cuban-chinese

restaurant, located at 2199 Broadway New York, New York 10024 under the name "La Caridad 78

Restaurant".

23.     Upon information and belief, La Unica Caridad Inc. (d/b/a La Caridad 78 Restaurant)

is a domestic corporation organized and existing under the laws of the State of New York. Upon

information and belief, it maintains its principal place of business at 2199 Broadway New York, New York 10024.

24.     Defendant Miguel Yip is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Miguel Yip is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Miguel Yip possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Camano, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.     Defendant Gary Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Gary Doe is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Gary Doe possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Camano, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.     Defendant Sam Lee is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Sam Lee is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Sam Lee possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Camano, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

27.     Defendants operate a cuban-chinese restaurant located in the Upper West Side in New York City.

28.     Individual Defendants, Miguel Yip, Gary Doe, and Sam Lee possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

29.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30.     Each Defendant possessed substantial control over Plaintiff Camano's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Camano, and all similarly situated individuals, referred to herein.

31.     Defendants jointly employed Plaintiff Camano (and all similarly situated employees) and are Plaintiff Camano's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

32.     In the alternative, Defendants constitute a single employer of Plaintiff Camano and/or similarly situated individuals.

33.     Upon information and belief, Individual Defendants Miguel Yip, Gary Doe, and Sam Lee operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

34.     At all relevant times, Defendants were Plaintiff Camano's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Camano, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Camano's services.

35.     In each year from 2014 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

37.     Plaintiff Camano is a former employee of Defendants who was employed as a food preparer and ostensibly as a delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

38.     Plaintiff Camano seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Agustin Camano Anzurez*

39.     Plaintiff Camano was employed by Defendants from approximately 2000 until on or about February 5, 2020.

40.     Defendants employed Plaintiff Camano as a food preparer and ostensibly as a delivery worker.

41.     However, Plaintiff Camano was also required to spend a significant portion of his work day performing the non-tipped duties described above.

42.     Although Plaintiff Camano ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

43.     Plaintiff Camano regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

44.     Plaintiff Camano's work duties required neither discretion nor independent judgment.

45.     From approximately March 2014 until on or about October 2019, Plaintiff Camano worked as a food preparer and delivery worker from approximately 11:00 a.m. until on or about 11:00 p.m., 3 days a week and from approximately 11:00 a.m. until on or about 11:30 p.m., Fridays, Saturdays, and Sundays (typically 73.5 hours per week).

46.     From approximately November 2019 until on or about December 2019, Plaintiff Camano worked as a food preparer and delivery worker from approximately 10:30 a.m. until on or

about 9:30 p.m., 6 days a week (typically 66 hours per week). During the month of December 2019, Plaintiff Camano worked as a food preparer and delivery worker from approximately 10:30 a.m. until on or about 4:00 p.m., 6 days a week (typically 33 hours per week).

47.     From approximately January 2020 until on or about February 5, 2020, Plaintiff Camano worked as a food prepare and delivery worker from approximately 10:30 a.m. until on or about 9:30 p.m., 2 days a week (typically 22 hours per week).

48.     Throughout his employment, Defendants paid Plaintiff Camano his wages in a combination of check and cash.

49.     From approximately March 2014 until on or about December 2018, Defendants paid Plaintiff Camano $420 per week.

50.     From approximately January 2019 until on or about December 2019, Defendants paid Plaintiff Camano $470 per week.

51.     From approximately January 2020 until on or about February 5, 2020, Defendants paid Plaintiff Camano $100 per day.

52.     Defendants did not pay Plaintiff Camano any wages for his last two days of work.

53.     Plaintiff Camano's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

54.     For example, Defendants required Plaintiff Camano to work an additional 30 minutes past his scheduled departure time three days a week, and did not pay him for the additional time he worked.

55.     Plaintiff Camano was never notified by Defendants that his tips were being included as an offset for wages.

56.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Camano's wages.

57.     Plaintiff Camano was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

58.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Camano regarding overtime and wages under the FLSA and NYLL.

59.     Defendants did not provide Plaintiff Camano an accurate statement of wages, as required by NYLL 195(3).

60.     In fact, Defendants adjusted Plaintiff Camano's paystubs so that they reflected inaccurate wages and hours worked.

61.     Defendants did not give any notice to Plaintiff Camano, in English and in Spanish (Plaintiff Camano's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

62.     Defendants required Plaintiff Camano to purchase "tools of the trade" with his own funds—including bicycles, tires, a vest, and a helmet.

*Defendants' General Employment Practices*

63.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Camano (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

64.     Plaintiff Camano was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

65.     Defendants' pay practices resulted in Plaintiff Camano not receiving payment for all his hours worked, and resulted in Plaintiff Camano's effective rate of pay falling below the required minimum wage rate.

66.     Defendants habitually required Plaintiff Camano to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

67.     Defendants required Plaintiff Camano and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

68.     Plaintiff Camano and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

69.     Plaintiff Camano's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

70.     Plaintiff Camano and all other tipped workers were paid at a rate that was lower than the required lower tip-credit rate by Defendants.

71.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Camano's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

72.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

73.     In violation of federal and state law as codified above, Defendants classified Plaintiff Camano and other tipped workers as tipped employees, and paid them at a rate that was lower than the required lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

74.     Defendants failed to inform Plaintiff Camano who received tips that Defendants intended to take a deduction against Plaintiff Camano's earned wages for tip income, as required by the NYLL before any deduction may be taken.

75.     Defendants failed to inform Plaintiff Camano who received tips, that his tips were being credited towards the payment of the minimum wage.

76.     Defendants failed to maintain a record of tips earned by Plaintiff Camano who worked as a delivery worker for the tips he received.

77.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

78.     Defendants paid Plaintiff Camano his wages in a combination of cash and check.

79.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

80.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Camano (and similarly situated individuals) worked, and to avoid paying Plaintiff Camano properly for his full hours worked.

81.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

82.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Camano and other similarly situated former workers.

83.     Defendants failed to provide Plaintiff Camano and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

84.     Defendants failed to provide Plaintiff Camano and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

85.      Plaintiff Camano brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

86.    At all relevant times, Plaintiff Camano and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

87.    The claims of Plaintiff Camano stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

88.    Plaintiff Camano repeats and realleges all paragraphs above as though fully set forth herein.

89.    At all times relevant to this action, Defendants were Plaintiff Camano's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Camano (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

90.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

91.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

92.    Defendants failed to pay Plaintiff Camano (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

93.     Defendants' failure to pay Plaintiff Camano (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

94.     Plaintiff Camano (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

95.     Plaintiff Camano repeats and realleges all paragraphs above as though fully set forth herein.

96.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Camano (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

97.     Defendants' failure to pay Plaintiff Camano (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

98.     Plaintiff Camano (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

99.     Plaintiff Camano repeats and realleges all paragraphs above as though fully set forth herein.

100.    At all times relevant to this action, Defendants were Plaintiff Camano's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Camano, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

101.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Camano less than the minimum wage.

102.     Defendants' failure to pay Plaintiff Camano the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

103.     Plaintiff Camano was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

104.     Plaintiff Camano repeats and realleges all paragraphs above as though fully set forth herein.

105.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Camano  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

106.     Defendants' failure to pay Plaintiff Camano overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

107.     Plaintiff Camano was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

108.     Plaintiff Camano repeats and realleges all paragraphs above as though fully set forth herein.

109.    Defendants failed to pay Plaintiff Camano one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Camano's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

110.    Defendants' failure to pay Plaintiff Camano an additional hour's pay for each day Plaintiff Camano's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

111.    Plaintiff Camano was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

112.    Plaintiff Camano repeats and realleges all paragraphs above as though fully set forth herein.

113.    Defendants failed to provide Plaintiff Camano with a written notice, in English and in Spanish (Plaintiff Camano's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

114.    Defendants are liable to Plaintiff Camano in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

115.     Plaintiff Camano repeats and realleges all paragraphs above as though fully set forth herein.

116.     With each payment of wages, Defendants failed to provide Plaintiff Camano with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

117.     Defendants are liable to Plaintiff Camano in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

118.     Plaintiff Camano repeats and realleges all paragraphs above as though fully set forth herein.

119.     Defendants required Plaintiff Camano to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

120.     Plaintiff Camano was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Camano respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Camano and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Camano and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Camano's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Camano and the FLSA Class members;

(f)     Awarding Plaintiff Camano and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Camano and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Camano;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Camano;

(j)      Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Camano;

(k)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Camano's compensation, hours, wages and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Camano;

(m)      Awarding Plaintiff Camano damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)      Awarding Plaintiff Camano damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)      Awarding Plaintiff Camano liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)      Awarding Plaintiff Camano and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)       Awarding Plaintiff Camano and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Camano demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

April 08, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     _____/s/ Michael Faillace_____
        Michael Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620
        *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                   Telephone: (212) 317-1200
New York, New York 10165                                    Facsimile: (212) 317-1620

———

Faillace@employmentcompliance.com

February 10, 2020

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Agustin Camano Anzurez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                 _____

Date / Fecha:                      17 de Febrero de 2020

*Certified as a minority-owned business in the State of New York*